CSD 1160 [05/15/03]

Name, Address, Telephone No. & I.D. No.
Julian Bach, CA State Bar No. 162421
Law Office of Julian Bach
17011 Beach Blvd., Suite 300
Huntington Beach, CA 92647
Telephone: (714) 848-5085
Facsimile: (714) 848-5086
Attorney for Wilshire Credit Corporation

**ORIGINAL**

```
Case # : 07-05829-JM7
Debtor.: TIM ALLEN BINGGELLI
Judge..: JAMES MEYERS
Trustee: JAMES KENNEDY
Chapter: ST
------------------------------
Filed  : October 30, 2007  14:30:15
Deputy : K DURAN
Receipt: 196219
Amount : $150.00
```

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re  TIM ALLEN BINGGELLI and RACHEL R BINGGELLI

                                          Debtor.

BANKRUPTCY NO.   07-05829-JM7

ASSET MANAGEMENT WEST 2, LLC

                                    Moving Party

RS. NO. JKB-01

TIM ALLEN and RACHEL R BINGGELLI, Debtors;
JAMES L KENNEDY, Ch 7 Trustee; Internal Revenue Service
Kuhn Farms; McNeece Bros. Oil Company          Respondent(s)

### MOTION FOR RELIEF FROM AUTOMATIC STAY
[X]  REAL PROPERTY        [ ]  PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.    A Petition under Chapter  [X] 7  [ ] 11  [ ] 12  [ ] 13  was filed on  _10/17/2007_____ .

2.    Procedural Status:
      a.    [X]   Name of Trustee Appointed (if any): James L Kennedy

      b.    [ ]   Name of Attorney of Record for Trustee (if any):

      c.    [ ]   (Optional) Prior Filing Information:
            Debtor has previously filed a Bankruptcy Petition on:_____.
            If applicable, the prior case was dismissed on: _____.

      d.    [ ]   (If Chapter 13 case):  Chapter 13 Plan was confirmed on _____ or a confirmation hearing
            is set for_____.

Movant alleges the following in support of its Motion:

1.    [x]   The following real property is the subject of this Motion:
      a.    Street address of the property including county and state:
            1510 S. Clark Rd., El Centro, California 92243

      b.    Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium,
            unimproved): residential real property.

      c.    Legal description of property is attached as Exhibit A.

CSD 1160

    d.     If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.     *Fair market value of property as set forth in the Debtor's schedules: $ 225,000.00 _____.

    f.     *Nature of Debtor's interest in the property: fee simple

2.    ☐    The following personal property is the subject of this Motion *(describe property)*:

    a.     Fair market value of property as set forth in the Debtor's schedules: $_____.

    b.     Nature of Debtor's interest in the property:

3.    *Fair market value of property according to Movant: $225,000.00 _____.

4.    *Nature of Movant's interest in the property: junior mortgage

5.    *Status of Movant's loan:
    a.     Balance owing on date of Order for Relief:    $ 434,051.19 _____
    b.     Amount of monthly payment:    $ 2,012.50 _____
    c.     Date of last payment:    03/2007 _____
    d.     If real property,
        i.     Date of default:    10/01/2001 _____
        ii.    Notice of Default recorded on:    05/31/2007 _____
        iii.   Notice of Sale published on:    09/24/2007 _____
        iv.   Foreclosure sale currently scheduled for:    10/18/2007 _____
    e.     If personal property,
        i.     Pre-petition default:    $_____    No. of months:_____
        ii.    Post-petition default:    $_____    No. of months:_____

6.    *(If Chapter 13 Case, state the following:)*
    a.     Date of post-petition default:    _____
    b.     Amount of post-petition default:    $_____

7.    Encumbrances:
    a.     Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Countrywide | $96,892.00 | $unknown | | $unknown | |
| 2nd: Movant | $29,500.00 | $29,153.25 | 73 | | |
| 3rd: | $ | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $126,392.00 | $29,153.25 | | | |

    b.     Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:

    Department of Justice, Internal Revenue Service    $14,114.00
    Kuhn Farms    $15,230.00
    McNeece Bros. Oil Company    $16,259.73

8.    Relief from the automatic stay should be granted because:

   a.    ☐    Movant's interest in the property described above is not adequately protected.

   b.    ☒    Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

   c.    ☐    The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i.    the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii.    the Debtor/Trustee has

        (1)    ☐    not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

        (2)    ☐    commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d.    ☒    *Other cause exists as follows (specify): ☐ See attached page.

      After factoring in a reasonable cost of sale, there is little or no equity in the subject property; the subject loan is in substantial default.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1.    ☐    Other relevant evidence:

2.    ☐    (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒    Relief as requested.

☒    Other: waiver of the 10 day stay prescribed by Bankruptcy Rule 4001(a)(3)

Dated:  10/29/2007

_____
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).

### DECLARATION OF KENAN THAYER

I, Kenan Thayer, declare as follows:

1.    I am over the age of eighteen and have personal knowledge of the facts contained in this declaration, and if called upon to testify thereto I could and would testify competently to the facts contained herein.

2.    I am now, and at all times relevant hereto have been a Managing Member of Movant Asset Management West 2, LLC ("Movant" herein). In such capacity, I have custody and control of the business records of Movant as they relate to the subject property of this action located at 1510 S. Clark Road, El Centro, California 92243 ("subject property" herein), and to the loan transaction which is the subject of this action. I am familiar with the manner in which those records are compiled.

3.    The records of Movant are made in the ordinary course of business by persons who have a business duty to Movant to make such records. The records were made at or near the time of the occurrence of the event or events of which they are of record. I have personally reviewed Movant's records as they relate to the subject transaction herein, and, as a result, I am qualified to testify to the facts herein.

4.    On or about May 29, 1998, Consolidated Home Loans funded a loan to Debtors Tim Binggeli and Rachel Binggeli (the "Debtors" herein) in the original principal sum of $50,000.00 plus interest at a rate as defined in the Note. The loan is secured by a duly executed Deed of Trust ("Deed of Trust") against the subject property. Attached hereto as Exhibits "B" and "C" are copies of said Note and Deed of Trust.

5.    Movant is the successor in interest to Consolidated Home Loans by virtue of an assignment of all beneficial interest.

6.    Pursuant to the terms of the subject loan documents, the Debtors were to tender payments to Movant in the initial amount of $582.44 per month, commencing June 29, 1998, and each month thereafter, at an initial interest rate of 13.490 percent per annum. Pursuant to the terms of the subject loan documents, the subject loan is to mature on May 29, 2023.

7.     The Debtors defaulted under the terms of the subject loan by failing to make monthly payments, late charges, fees and costs.

8.     On October 17, 2007, the Debtors commenced the instant bankruptcy proceeding.

9.     As of the date of this Declaration, the following is due and owing to Movant on the subject loan:

| | |
|---|---:|
| Principal Balance | $  29,500.00 |
| Accrued Interest (10/01/2001 - 10/17/2007) | $  24,062.65 |
| Accrued Late charges | $   2,067.52 |
| Unpaid Charges | $      400.00 |
| Fees | $        75.00 |
| Foreclosure Fees (est.) | $   1,748.08 |
| BK Attorneys' Fees (est.) | $      800.00 |
| Total Amount Due and Owing | $   58,653.25 |

Further, a payment comes due on November 1, 2007, and on the first day of each month thereafter, with an additional late charge accruing each month if the payment is not made within fifteen (15) days of which it first comes due.

10.     Based upon the Debtors' Schedule A - Real Property filed in this proceeding, a true and correct copy of which is attached hereto as Exhibit "D" and incorporated herein by this reference, Movant is informed and believes that the Debtors value the subject property at no more than $225,000.00. Further, pursuant to the Debtors' Schedule D - Creditors Holding Secured Claims, Movant is informed that there is a senior priority lien secured against the subject property, in favor of Countrywide Home Loans, with a balance due and owing in the amount of $96,892.00, a statutory lien against the subject property in favor of the Internal Revenue Service with a balance due and owing in the amount of $14,114.00, and judgment liens secured against the subject property in favor of Kuhn Farms and McNeece Bros. Oil Company, Inc. in the respective amounts of $15,230.00 and $16,259.73.

1        11.     It is my understanding that on properties which have been foreclosed

2 upon within the State of California, certain costs of sale are incurred during the sale of such

3 property. Secured Creditor's experiences indicate that those costs of sale consistently average

4 approximately seven percent (7%) of the gross sales amount for a brokerage fee, plus

5 miscellaneous fees consisting of escrow filing fee, document preparation, and title fees, which

6 consistently average one percent (1%) of the gross amount received at the sale.

7        I declare under penalty of perjury under the laws of the United States of America

8 that the foregoing is true and correct.

9        Executed this 25 day of October, 2007, at Newport Beach, California.

10

11                         Kenan Thayer, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Asset Management West 2  v. Binggeli 07-05829-JM7

1
2
3
4
5
6
7
8
9
10
11
12                    **EXHIBIT "A"**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BOOK 1868 PAGE 338

Page 1
Escrow No. 168167    -KS

LEGAL   DESCRIPTION   EXHIBIT

PARCEL 1:

THAT PORTION OF THE SOUTHWEST QUARTER OF TRACT 83, TOWNSHIP 16 SOUTH, RANGE 14 EAST, S.B.M, IN AN UNINCORPORATED AREA OF THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

THE NORTH 235 FEET OF THE SOUTH 275 FEET OF THE WEST 175 FEET THEREOF.

PARCEL 2:

THAT PORTION OF TRACT 83, TOWNSHIP 16 SOUTH, RANGE 14 EAST, S.B.B. AND M., IN AN UNINCORPORATED AREA OF THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID TRACT 83; THENCE N 1°02'40" W., 40.00 FEET ON WEST LINE OF SAID TRACT 83 TO A POINT; THENCE S 89°52'57" E., 175.00 FEET ON A LINE PARALLEL WITH THE SOUTH LINE OF SAID TRACT 83, TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING S 89°52'57" E., 50.00 FEET TO A POINT; THENCE N 1°02'40" W., 235.00 FEET ON A LINE PARALLEL WITH WEST LINE OF SAID TRACT 83 TO A POINT; THENCE N 89°52'57" WEST., 50.00 FEET ON A LINE PARALLEL WITH THE SOUTH LINE OF SAID TRACT 83 TO A POINT; THENCE S 1°02'40" E., 235.00 FEET ON A LINE PARALLEL WITH WEST LINE OF SAID TRACT 53, TO THE TRUE POINT OF BEGINNING.

1
2
3
4
5
6
7
8
9
10
11
12                    **EXHIBIT "B"**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTE

May 29, 1998
VISTA, CALIFORNIA

PROPERTY ADDRESS:  1510 CLARK ROAD
EL CENTRO, CA 92243

App No. AAA-98-0000120

**1. BORROWER'S PROMISE TO PAY:** In return for a loan that I have received, I promise to pay U.S.    $50,000.00    (this amount is called the "principal"), plus Interest, to the order of the Lender. The Lender is
CONSOLIDATED HOME LOANS
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST:** I will pay interest at a yearly rate of 13.490 %. Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS:** I will pay principal and interest by making payments each month of U.S.    $582.44    . I will make my monthly payments on the   29th   day of each month beginning on    June 29, 1998    . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on    May 29, 2023    , I still owe amounts under this Note, I will pay those amounts, in full, on that date.
I will make my monthly payments at    640 ESCONDIDO AVENUE, SUITE 108
VISTA, CA 92084
or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED:**
**(a) Late Charge for Overdue Payments:** If the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the late charge will be    5.0 % of my overdue payment, but not less than U.S.    $29.12    and not more than U.S.    $29.12    . I will pay this late charge only once on each late payment.
**(b) Notice From Note Holder:** If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I don't pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
**(c) Default:** If I do not pay the overdue amount by the date stated in the notice described in (b) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
**(d) Payment of Note Holder's Costs and Expenses:** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses to the extent not prohibited by law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE IS SECURED BY A DEED OF TRUST:** In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE:** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."
I may make a full or partial prepayment; however, the Note Holder may charge me for the privilege of prepayment. If more than 20% of the original principal amount of this Note is prepaid in any 12-month period within   3   years after the date of this loan, I agree to pay a prepayment charge equal to    6   months interest on the amount prepaid which is in excess of 20% of the original principal amount of this Note. If I make a Partial Prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes.

**7. BORROWER'S WAIVERS:** I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of non-payment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES:** Any notice that must be given to me under this Note will be given by delivering it or mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of that different address.
Any notice that must be given to the Note Holder under this Note will be given by mailing it certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE:** If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amount owed under this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**NOTICE TO BORROWER: Do not sign this Note if it contains blank spaces. All spaces should be completed before you sign.**

X _____
   TIM BINGGELI

X _____
   RACHEL R. BINGGELI

X _____
   Certified to be a true and
   exact copy of the original CB

X _____

(Sign Original Only)

CALIFORNIA - Second Mortgage - 6/84    a. 6 amended 1/94 for Prepay Penalty) - FNMA/F    .C UNIFORM INSTRUMENT - Form 3905

Management Systems Development, Inc. (800)984-6060    Title-One Energizer!™  #CA_NOTEP    Copyright (c) 1994

1
2
3
4
5
6
7
8
9
10
11
12        **EXHIBIT "C"**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BOOK **1937** PAGE **1177**

RECORDING REQUESTED BY
CHICAGO TITLE COMPANY

Recording requested by:

CONSOLIDATED HOME LOANS

When recorded mall to:

CONSOLIDATED HOME LOANS
640 ESCONDIDO AVE.- STE. 108
VISTA, CA 92004

29800234

9 8 0 1 5 2 4 1

DOLORES PROVENCIO

COUNTY RECORDER
BOOK **1937** PAGE **1177**

'98 JUL 9 AM 9.00

OFFICIAL RECORDS
IMPERIAL COUNTY, CA

TLS 21
RG
RF
MC
IX 5
FF
NL
PY
BR

---

## DEED OF TRUST
### Page 1 of 6

THIS DEED OF TRUST is made this day,     May 29, 1998     , among the Trustor,
TIM BINGGELI AND RACHEL R. BINGGELI, HUSBAND AND WIFE, AS JOINT TENANTS

(herein "Borrower"),

(herein "Trustee"), and the Beneficiary,

AMERICAN TITLE CO

CONSOLIDATED HOME LOANS

(herein "Lender"),

a corporation organized and existing under the laws of     CALIFORNIA     , whose address is
640 ESCONDIDO AVENUE, SUITE 108 VISTA, CA 92084

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of     IMPERIAL     , State of California:

Description   ATTACHED HERETO AND MADE A PART THEREOF

Which has the property street address of:   1610 CLARK ROAD
EL CENTRO, CA 92243

(herein "Property")

App No   AAA-98-0000120

Initials:_____   Initials:_____   Initials:_____   Initials:_____
CALIFORNIA - Second Mortgage - 1/00 (Para. 20 amended 1/04) - FNMA/FHLMC UNIFORM INSTRUMENT - Form 3806  (Page 1 of 6)

Management Systems Development, Inc. (800)984-6060      Title One Energized ™  #CA_DEED      Copyright (c) 1994

BOOK **1937** PAGE **1178**

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property":

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated         May 29, 1998         and extensions and renewals thereof (herein "Note"), in the principal sum of U.S.    $60,000.00    , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on         May 29, 2023         the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments , if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust

App No.  AAA-98-0000120

Initials: _____    Initials: _____    Initials: _____    Initials: _____

CALIFORNIA - Second Mortgage - 1/80 (Para. 20 amended 1/04) - FNMA/FHLMC UNIFORM INSTRUMENT - Form 3805  (Page 2 of 5)

Management Systems Development, Inc. (800)984-8060          Title-One Energized ™   #CA DEED                    Copyright (c) 1994

BOOK **1937** PAGE **1179**

6.  Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.  Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold.  If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7.  Protection of Lender's Security.  If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest.  If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust.  Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof.  Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8.  Inspection.  Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9.  Condemnation.  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

10.  Borrower Not Released; Forbearance By Lender Not a Waiver.  Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest.  Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11.  Successors and Assigns Bound; Joint and Several Liability; Co-Signers.  The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof.  All covenants and agreements of Borrower shall be joint and several.  Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12.  Notice.  Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein.  Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13.  Governing Law; Severability.  The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the property is located.  The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust.  In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable.  As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14.  Borrower's Copy.  Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

15.  Rehabilitation Loan Agreement.  Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender.  Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the property.

16.  Transfer of the Property or a Beneficial Interest in Borrower.  If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust.  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

App No.  AAA-98-0000120

Initials: _____    Initials: _____    Initials: _____    Initials: _____

CALIFORNIA - Second Mortgage - 1/80 (Para. 20 amended 1/94)  FNMA/FHLMC UNIFORM INSTRUMENT - Form 3805  (Page 3 of 5)

Management Systems Development, Inc. (800) 984 6000    Title-One Energized™   #CA        Copyright (c) 1994

BOOK **1937** PAGE **1180**

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser a Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lenders acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgement enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's · .ligation to pay the sums . cured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligation.** Lender may collect a fee not to exceed $50.00 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

App No. AAA-08-0000120

Initials:_____    Initials:_____    Initials:_____    Initials:_____

CALIFORNIA - Second Mortgage - 1/80 (Para. 20 amended 1/94) - FNMA/FHLMC UNIFORM INSTRUMENT - Form 3805 (Page 4 of 5)

Management Systems Development, Inc. (800)984-6060          Title-One Energizer!™  #CA DEED          Copyright (c) 1994

BOOK **1937** PAGE **1181**

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

NOTICE: A copy of any Notice of Default and of any Notice of Sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

X _____     X _____
TIM BINGGELI

X _____     X _____
RACHEL R. BINGGELI

STATE OF CALIFORNIA, COUNTY OF __SAN DIEGO_____ ] ss:

On __MAY 29, 1998__ before me, _Robert Wade Thompson_ personally appeared _Tim Binggeli and_
_Rachel R. Binggeli_
[ ] personally known to me -OR- [X] proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

NOTARY SEAL STAMP

ROBERT WADE THOMPSON
Commission #1106066
Notary Public · California
San Diego County
My Commission Exp. JULY 21, 2000

X _Robert Wade Thompson_
Notary Public

## REQUEST FOR RECONVEYANCE

TO TRUSTEE:
The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____     X _____

App No.  AAA-98-0000120

CALIFORNIA · Second Mortgage · 1/80 (Para. 20 amended 1/94) · FNMA/FHLMC UNIFORM INSTRUMENT · Form 3805 (Page 5 of 5)

Management Systems Development, Inc. (800)984-8060        Title-One Energizer! ™  #CA_DEED        Copyright (c) 1994

Page

BOOK 1937 PAGE 1182

# DESCRIPTION

Order No. 29800234 -

**PARCEL 1:**

THAT PORTION OF THE SOUTHWEST QUARTER OF TRACT 63, TOWNSHIP 16 SOUTH, RANGE 14 EAST, S.B.M., IN AN UNINCORPORATED AREA OF THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

THE NORTH 235 FEET OF THE SOUTH 275 FEET OF THE WEST 175 FEET THEREOF.

**PARCEL 2:**

THAT PORTION OF TRACT 83, TOWNSHIP 16 SOUTH, RANGE 14 WEST, S.B.B. AND M. IN AN UNINCORPORATED AREA OF THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID TRACT 83; THENCE NORTH 1 DEGREE 02' 40" WEST, 40.00 FEET ON WEST LINE OF SAID TRACT 83 TO A POINT; THENCE SOUTH 89 DEGREES 52' 57" EAST, 175.00 FEET ON A LINE PARALLEL WITH THE SOUTH LINE OF SAID TRACT 83, TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING SOUTH 89 DEGREES 52' 57" EAST, 50.00 FEET TO A POINT; THENCE NORTH 1 DEGREE 02' 40" WEST., 235.00 FEET ON A LINE PARALLEL WITH WEST LINE OF SAID TRACT 83 TO A POINT; THENCE NORTH 89 DEGREES 52' 57" WEST, 50.00 FEET ON A LINE PARALLEL WITH THE SOUTH LINE OF SAID TRACT 83 TO A POINT; THENCE SOUTH 1 DEGREE 02' 04" EAST, 235.00 FEET ON A LINE PARALLEL WITH WEST LINE OF SAID TRACT 83, TO THE TRUE POINT OF BEGINNING.

Certified to be a true and
exact copy of the original

PSHDES -03/17/380A

This Instrument was prepared by:
Robert Lee, 5942 Edinger Ave #113, Huntington Beach, CA 92649

## ASSIGNMENT OF DEED OF TRUST
## CALIFORNIA

This **ASSIGNMENT OF DEED OF TRUST** is made and entered into as of the 15th day of April, 2007, from **ROBERT LEE** whose address 5942 Edinger Ave #113, Huntington Beach, CA 92649 ("Assignor") to **Kenan C. Thayer & Christine M. Thayer, Trustee of The Thayer Recoverable Trust UDT, Dated on June 15, 1999, 4685 MacArthur Court Suite 300, Newport Beach, CA 92660** ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors. Transferees and assigns forever, all of the right, title and interest of said Assignor in and to the following instrument describing land therein duly recorded in the Office of the Public Records of **IMPERIAL** County , State of **CALIFORNIA** as follows;

Trustor: **TIM BINGGELI AND RACHEL R. BINGGELI**
Trustee: **AMERICAN TITLE CO.**
Beneficiary: **CONSOLIDATED HOME LOANS**
Document Date: **MAY 29, 1998**
Recorded Date: _July 9th, 1998_
Document/Instrument/Entry Number: 98015241
Property Address: **1510 CLARK ROAD, EL CENTRO, CA**

*Property more particularly described in the above referenced recorded Deed of Trust*

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges.
This Assignment is made without recourse, representation or warranty.

Dated this 15th of April, 2007

_____
Witnessed By

By: _____
    **Robert Lee**
    Horizon Trust Deed Co

State of California

County of Orange

On 5-18-07 _____ before me B. Cohen _____, Notary Public,

Personally appeared _____ Robert Lee _____

Personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ B. Coe. _____



B. COHEN
COMM. #1583747
Notary Public - California
Orange County
My Comm. Expires May 30, 2009

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "D"**

Form B6A
(10/05)

In re   Tim Allen Binggeli & Rachel R. Binggeli                    Case No. _____
　　　　　　　　　　Debtor                                                        (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single Family residence<br><br>1510 S. Clark Rd<br>El Centro, CA 92243 | Fee Simple | C | 225,000.00 | 196,495.73 |
| | | Total ➤ | 225,000.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2007 ©1991-2007, New Hope Software, Inc., ver. 4.2.3-694 - 31417- PDF-XChange 3.0

1

2

3

4

5

6

7

8

9

10

11

12    **EXHIBIT "E"**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Official Form 6D (10/06)**

In re  Tim Allen Binggeli & Rachel R. Binggeli        ,        Case No. _____
        _____
        **Debtor**                                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C §112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 005631433 <br><br> Countrywide Home Loans <br> PO Box 10219 <br> Van Nuys, CA 91410 | | C | Incurred: 11/96 <br> Lien: Deed of Trust <br> Security: Single Family residence <br><br> VALUE $           225,000.00 | | | | 96,892.00 | 0.00 |
| ACCOUNT NO. <br><br> Department of the Treasury <br> Internal Revenue Service (CIO) <br> PO Box 21126 <br> Philadelphia, PA 19114 | | C | Incurred: 2002-2005 <br> Security: Single Family residence <br><br> VALUE $           225,000.00 | | | | 14,114.00 | 0.00 |
| ACCOUNT NO. <br><br> Kenan & Christine Thayer, Tee's <br> C/O Ress Financial Corp <br> 1780 Town & Country #105 <br> Norco, CA 92860 | | C | Security: Single Family residence <br><br> VALUE $           225,000.00 | | | | 54,000.00 | 0.00 |

__1__ continuation sheets attached

Subtotal ▶
(Total of this page)          $  165,006.00          $          0.00

Total ▶
(Use only on last page)          $          $

(Report total also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2007 ©1991-2007, New Hope Software, Inc., ver. 4.2.3-694 - 31417 - PDF-XChange 3.0

**Official Form 6D (10/06) – Cont.**

In re  Tim Allen Binggeli & Rachel R. Binggeli                ,          Case No. _____
                                  **Debtor**                                                                  **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  ECL10210<br><br>Kuhn Farms<br>C/O Steven M Koch<br>Gulber & Koch<br>1110 N. chinowth Street<br>Visalia, CA 93291 | | C | Incurred: 11/05<br>Lien: Abstract jdgmnt<br>Security: SF Residence<br>Business debt<br><br>VALUE $  225,000.00 | | | | 15,230.00 | 0.00 |
| ACCOUNT NO.  2323<br><br>McNeece Bros. Oil Company, Inc.<br>PO Box 1280<br>El Centro, CA 92244 | | C | Incurred: 1/06-4/06<br>Lien: Abstract jdgmnt<br>Security: SF Residence<br>Business debt<br><br>VALUE $  225,000.00 | | | | 16,259.73 | 0.00 |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |

Sheet no.  1  of  1  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | | |
|---|---|---|
| Subtotal ➤<br>(Total of this page) | $  31,489.73 | $  0.00 |
| Total ➤<br>(Use only on last page) | $  196,495.73 | $  0.00 |

Bankruptcy2007 ©1991-2007, New Hope Software, Inc., ver. 4.2.3-694 - 31417 - PDF-XChange 3.0